**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Omega Demolition Corp.,

Plaintiff,

v.

The Hays Group, Inc.,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 14-2401 ADM/TNL

---

Anthony M. Sciara, Esq., Harvey Kruse, P.C., Troy, MI, and Adina R. Bergstrom, Esq., Sauro & Bergstrom, PLLC, Oakdale, MN, on behalf of Plaintiff.

Daniel J. Cunningham, Esq., Tessler LLP, Chicago, IL, and Charles E. Spevacek Esq., Meagher & Geer, PLLP, Minneapolis, MN, on behalf of Defendant.

---

## I. INTRODUCTION

This matter came before the undersigned United States District Judge on December 18, 2014 on Defendant The Hays Group Inc.'s ("Hays Group") Motion to Dismiss or Transfer [Docket No. 19]. For the reasons discussed below, Hays Group's Motion to Dismiss is granted.

## II. BACKGROUND

This is a professional liability action in which Plaintiff Omega Demolition Corp. ("Omega") seeks tort damages arising from the alleged failure of its insurance broker to secure coverage for Omega's use of barges to demolish a bridge on the Fox River in Illinois. Compl. [Docket No. 1] ¶¶ 5-8.

### A. The Parties

Omega is an Illinois demolition and dismantlement company located in Elgin, Illinois. The Hays Group is a Minnesota corporation that provides commercial insurance brokerage

services. Compl. ¶ 2; Cunningham Aff. [Docket No. 23] ¶ 5. Hays Group of Illinois ("Hays Illinois") is an entity related to Hays Group that provided brokerage services to Omega in Illinois. Hays Illinois is a Minnesota Limited Liability Company ("LLC") authorized to do business in Illinois. Kerr Aff. [Docket No. 24] ¶ 5. There are two members of Hays Illinois: Walter Kerr and Hays Group Id. ¶ 4. Hays Group is a resident of Minnesota and Mr. Kerr is a resident of Illinois. Hays Illinois is not a named party in this case.

**B. The Fox River project**

In the Spring of 2009, Omega began demolishing a bridge on the Fox River. Compl. ¶ 5. Omega contracted with Sunflower Enterprises, LLC ("Sunflower") to lease barges and other equipment for the demolition. Id. ¶ 6. Omega's agreement with Sunflower required Omega to secure insurance for the barges on behalf of Sunflower. Id. ¶ 7. In June and July 2009, Hays Illinois issued Certificates of Liability Insurance to Omega. Cunningham Aff. [Docket No. 23-1] Ex. A. In August 2009, Omega sent a payment of more than $100,000 for the insurance to Hays Group in Minnesota. Compl. ¶ 17. These funds were transferred back to Illinois shortly thereafter because Hays Illinois provided the brokerage services to Omega in Illinois. Def.'s Mem. Supp. Mot. Dismiss [Docket No. 21] 14. Omega relied on the Certificates as confirmation that the barges were insured by Travelers Property Casualty Company of America ("Travelers") from July 1, 2009 to July 1, 2010. Compl. ¶ 11.

In July 2009, the barges were damaged, "most likely [due to] the water level in the Fox River lowering, a falling bridge or construction debris." Id. ¶ 14. Omega submitted a claim to Travelers in August 2009, but Travelers refused coverage based on policy exclusions. Id. ¶ 16. The issues surrounding the coverage dispute are not relevant here except that, after three years of

arbitration with Sunflower, an award was entered against Omega for $363,794.99. Id. ¶ 21. In January 2014, Omega filed suit against Travelers in Illinois state court, which was subsequently removed to federal court in the Northern District of Illinois. Id. ¶ 22. This suit followed.

**C. Omega's claims against Hays Group**

Although Hays Illinois is the entity that secured the insurance for the barges in Illinois, Omega sued Hays Group on three counts for their alleged failure to secure appropriate coverage, including: (1) negligence; (2) negligent misrepresentation; and (3) breach of fiduciary duty. Id. ¶¶ 25-40. Omega's Complaint does not seek to pierce the corporate veil between Hays Group and Hays Illinois. Omega also admitted at the hearing that its claims, if brought in Illinois against Hays Illinois, would "likely" be barred by the Illinois' statute of limitations.

## III. DISCUSSION

**A. Hays Group's Motion to Dismiss**

Hays Group argues that Hays Illinois is a necessary and indispensable party, without whom this matter cannot be fairly adjudicated. Omega maintains that Hays Illinois is not a necessary party to this litigation and that as the Plaintiff, Omega "has the right to choose its defendants, its claims, and its venue—which is accorded substantial deference." Pl.'s Mem. Opp. Mot. Dismiss [Docket No. 37] 9.

**1. Rule 12(b)(7)**

Under Rule 12(b)(7) a party may move to dismiss a complaint for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Dismissal under Rule 12(b)(7) is "warranted only when the defect is serious and cannot be cured." Direct Supply, Inc. v. Specialty Hospitals of America, LLC, 878 F. Supp. 2d 13, 23 (D.D.C. 2012) (citations omitted). For the purposes of a

Rule 12(b)(7) motion, the court must accept the complaint's allegations as true, and may also consider matters outside the pleadings when determining whether Rule 19 requires that a party be joined. Cafesjian v. Armenian Assembly of Am., Inc., 2007 U.S. Dist. LEXIS 103304, *9 (D. Minn. Oct. 23, 2007) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1359, 68 (3d ed. 2004)). The defendant seeking dismissal for failure to name a party carries the burden of "producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." Sykes v. Hengel, 220 F.R.D. 593, 596 (S.D. Iowa 2004) (quoting De Wit v. Firstar Corp., 879 F. Supp. 947, 992 (N.D. Iowa 1995)).

**2. Rule 19**

"The purpose of Federal Rule of Civil Procedure 19 is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." Sykes, 220 F.R.D. at 596 (citing Moore v. Ashland Oil, Inc., 901 F.2d 1445, 1447 (7th Cir. 1990)). First, the court must determine whether joinder of the absent party is required; and if so, whether the party is subject to service of process and can be joined without defeating the court's jurisdiction. Fed. R. Civ. P. 19(a)(1). Cafesjian, 2007 U.S. Dist. LEXIS 103304 at 20. Next, if a required party cannot be joined, the court must determine whether, "in equity and good conscience," the action should proceed or be dismissed. Fed. R. Civ. P. 19(b). "Whether a person is 'indispensable'—that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation." Spirit Lake Tribe v. North Dakota, 262 F.3d 732, 746 (8th Cir. 2001) (quoting Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 118 (1968)); see also Pulitzer-Polster v. Pulitzer, 784 F.2d

1305, 1309 (5th Cir. 1986) (Rule 19 "militate[s] in favor of a highly practical, fact-based decision.").

**i. Rule 19(a)**

Rule 19(a) provides that a party must be joined if it is subject to service of process and joinder will not deprive the court of subject matter jurisdiction when any of the following circumstances are present:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A)-(B). In this case, complete relief cannot be obtained without Hays Illinois as a party.

Omega's Complaint asserts allegations against "Hays," presumably referring to Hays Group since Hays Illinois is not a named defendant. For example, Omega alleges that "[o]n or about June 20, 2009, and in response to Omega's request to procure insurance that covered the Barges, Hays issued two Certificates of Liability Insurance . . . to Omega." Compl. ¶ 9. A review of the Certificates, however, establishes that Hay Illinois issued the Certificates, not Hays Group. Cunningham Aff., Ex. A. All allegations in the Complaint against Hays are based on the Certificates of Liability. This means that Omega's allegations against Hays can only appropriately be asserted against Hays Illinois. See Compl. ¶10 ("In providing the Certificates

to Omega, Hays intended that Omega would rely on the Certificates as confirmation that the Barges were insured . . . ."); ¶11 ("Omega did rely on the Certificates . . . ."); ¶12 ("Omega tendered the Certificates to Sunflower prior to leasing the Barges."); ¶13 ("Omega would not have used the Barges for the Project if it had not received the Certificates."). In short, the Certificates of Insurance—which allegedly give rise to all of Omega's claims—contradict the veracity of the allegations made by Omega against Hays Group.

Moreover, principal employees of Hays Illinois, including the Senior Vice President and Vice President, state that they worked on the Omega matter and had no contact with the state of Minnesota. See Cerone and Mathews Affs. [Docket Nos. 25 and 26]. Omega has not produced any evidence showing Omega employees worked with Hays Group employees in Minnesota when securing the Certificates of Insurance at issue.[1] In sum, the record evidence supports the conclusion that the underlying act of generating the Certificates was completed in Illinois by Hays Illinois. Because Omega's claims against Hays Group arise solely from the issuance of the Certificates, participation of Hays Illinois is necessary for the Court to afford complete relief. Dou Yee Enters (S) PTE v. Advantek, Inc., 149 F.R.D. 185, 188 (D. Minn. 1993) (finding that a non-contract party was indispensable to the lawsuit under a Rule 19 analysis because it was "a primary participant in the alleged fraudulent acts underlying Dou Yee's claims."); See also Gay v. AVCO Fin. Serv. Inc., 769 F. Supp 51, 56 (D.P.R. 1991) ("[W]here the subsidiary is an active participant in the activity alleged as the basis for recovery, the

[1] Omega did submit evidence of post-occurrence settlement discussions between Hays Group and Omega. See Sciara Aff. [Docket No. 38]. This evidence does nothing to demonstrate the involvement of Hays Group in the decisions taken by Hays Illinois that give rise to Omega's claims.

subsidiary should be a party to the action."); Lopez v. Shearson Am. Express, Inc., 684 F. Supp. 1144, 1147 (D.P.R. 1988) ("the law appears very clear that where the subsidiary is the primary participant in a dispute involving both the parent and the subsidiary, the subsidiary is an indispensable party.") (citing Freeman v. Northwest Acceptance Corp., 754 F.2d 553 (5th Cir. 1985); and Polanco v. H.B. Fuller Co., 941 F. Supp. 1512, 1520-1521 (D. Minn. 1996) (discussing Dou Yee, Freeman, Lopez and Gay.)

**ii. Rule 19(b)**

The parties agree that joining Hays Illinois would destroy complete diversity and render this Court without subject matter jurisdiction over the matter.[2] Thus, the Court must consider whether, in equity and good conscience, the action should proceed among the existing parties or be dismissed. This determination is governed by Rule 19(b), which sets forth the following factors to be considered:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

(B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate;

[2] "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). Hays Illinois is a citizen of Minnesota and Illinois. Omega is a citizen of Illinois. Thus, joining Hays Illinois destroys diversity jurisdiction under 28 U.S.C. §1332. See Id. ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.").

and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

The first factor weighs in favor of Hays Group because, should the case proceed without Hays Illinois, Hays Group will have to defend actions of a related but distinct entity. Omega argues that litigation concerning actions of an absent entity cannot serve as a basis for prejudice to an existing party. However, the authority cited by Omega involves circumstances not present here, including: (1) a concession that the subsidiary was a mere "corporate shell"; (2) questions of agency related to contract claims; and (3) an agreement that the parent company assumed management and operational duties of a casino owned by its subsidiary. See Pujol v. Shearson/Am. Express, 877 F.2d 132, 135 (1st Cir. 1989) (corporate shell); Direct Energy Mktg. Ltd. v. Duke/Louis Dreyfus, LLC, 50 Fed. Appx. 469, 471-472 (2nd Cir. 2002) (agency); and August v. Boyd Gaming Corp., 135 Fed. Appx. 731, 733 (5th Cir. 2005) (parent company control). As argued by Hays Group, Omega "cites no cases where a stranger to the occurrence in question . . . has been found to be in an adequate position to protect the absent party." Def.'s Reply Mem. Supp. Mot. Dismiss [Docket No. 39] 10.

The second and third factors also favor Hays Group. There is no way to lessen the prejudice Hays Group will face absent Hays Illinois' participation in the lawsuit. And, because Omega has not sought to pierce the corporate veil, it is unclear whether a judgment rendered

absent Hays Illinois would be adequate.[3] Finally, as to the last factor, Omega has an adequate remedy in that it can either properly seek to pierce the corporate veil between Hays Group and Hays Illinois, or bring suit against Hays Illinois in Illinois. Given that Omega's claims are likely time barred in Illinois suggests that forum shopping may have motivated Omega's suit against Hays Group. It is equitable and fair under these circumstances to dismiss Omega's claims against Hays Group.[4]

---

[3] Omega ignores the basic rule that parent corporations are not typically held liable for the torts of their subsidiaries. Clark v. Lombardi, 2011 U.S. Dist. LEXIS 43237, *5 (E.D. Mo. Apr. 21, 2011). This principle stands unless an effort is made to "pierce the corporate veil"—an undertaking Omega admits it has not pursued. "Piercing the corporate veil is an equitable remedy that may be applied in order to avoid injustice." Szanto v. Target Corp., 2010 Minn. App. LEXIS 79, *16 (Minn. App. Feb. 2, 2010) (quoting Equity Trust Co. Custodian ex rel. Eisenmenger IRA v. Cole, 766 N.W.2d 334, 339 (Minn. App. 2009)). "A court may pierce the corporate veil to hold a party liable for the acts of a corporate entity if the entity is used for a fraudulent purpose or if the party is the alter ego of the entity. Victoria Elevator Co. v. Meriden Grain Co., 283 N.W. 2d 509, 512 (Minn. 1979). "Parents of wholly owned subsidiaries necessarily control direct, and supervise the subsidiaries to some extent, but unless there is a basis for piercing the corporate veil and attributing the subsidiaries' torts to the parent, the parent is not liable for those torts." Team Impressions v. Chromas Techs. Can. 2003 U.S. Dist. LEXIS 575, *3 (N.D. Ill. Jan. 16, 2003) (quoting IDS Life Ins. Co. v. SunAmerica Life Ins. Co., 136 F.3d 537, 540 (7th Cir. 1998).

[4] Because Hays Group's Motion to Dismiss is granted, it is not necessary to address Hays Group's alternative Motion to Transfer. The Court notes, however, that if it were to consider Hays Group's Motion to Transfer, it also would be granted. A district court may transfer any civil action to any other district "[f]or the convenience of parties and witnesses, [or] in the interest of justice . . . ." 28 U.S.C. § 1404. Here, it appears that both real parties in interest are based in Illinois, making Illinois unquestionably the most convenient forum for Omega and Hays Illinois. Further, interest of justice considerations—including judicial economy, comparative costs to the parties of litigating in each forum, conflict of laws issues and the advantages of having a local court determine questions of law—also support transfer to Illinois. Indeed, deference to a plaintiff's chosen forum is tempered when the forum selected is not plaintiff's residence, see Merrick Bank Corp. v. Savvis, Inc., Case No. 08-00674, 2008 U.S. Dist. LEXIS 99403, *12 (E.D. Mo. December 8, 2008) (citations omitted), and negated by impermissible forum shopping. Id. (citing Clayton v. Warlick, 232 F.2d 699, 706 (4th Cir. 1956)).

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Hays Group's Motion to Dismiss [Docket No. 19] is **GRANTED** and Omega's claims are dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 17, 2015.